~FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

02 JUL 25  AM 9: 47

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **JENNIFER SEYMOUR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **00-C-3369-W** |
| **RITE AID CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

ENTERED

JUL 2 5 2002

## MEMORANDUM OPINION GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Defendant Rite Aid Corporation's ("Rite Aid") has filed a Motion for Summary

Judgment. Because the relevant facts are not in genuine dispute, and Rite Aid is entitled to

judgment as a matter of law, the Motion is due to be granted.

### I. FACTS

Rite Aid owns and operates a pharmaceutical and general merchandise distribution center

in Tuscaloosa, Alabama. Plaintiff Jennifer Seymour was hired by Rite Aid in October 1997.

Plaintiff presently works in Rite Aid's Picking Department.

Plaintiff worked as a Receiver at Rite Aid's facility until October 1999. Lerone Henry

was one of Plaintiff's supervisors and Vanessa Rice was the safety supervisor. Both Henry and

Rice are African American. Plaintiff's supervisors were less than impressed with her job

performance. She was disciplined several times for violating Rite Aid's absentee policy.

On October 12, 1999, Plaintiff was injured at work when two pallets of candy collapsed

on her, injuring her shoulder. She was treated at DCH Regional Medical Center in Tuscaloosa.



Plaintiff was released to return to work the next day, without any job restrictions. Plaintiff complained of pain the next day, she was sent home by the Human Resource Manager. She was subsequently treated at another clinic for her injuries.

In the same time frame as Plaintiff's accident and job transfer, as a result of nationwide efforts to reduce its expenses, Rite Aid made the decision to reduce its local workforce. Henry, the Receiving Manager, decided to transfer Plaintiff out of the Receiving Department ostensibly because of her poor work performance and hostility towards other Department employees. He did not tell Plaintiff of his reason for the transfer.

Plaintiff was transferred to the Picking Department, a position for which she initially applied, and which had vacancies in th fall of 1999. Although the job of Picker pays as much as the job of Receiver, Plaintiff complains that the Picker job requires more physical exertion.

Shortly after Plaintiff was transferred to the Picking Department, a white supervisor, Rick Howell made the following statement to Plaintiff and other black Pickers, "Y'all hurry up and get picking. Y'all ought to be used to picking. Hurry up and get through picking so you can get off the clock." Plaintiff does not recall whether any white employees were present when the statement was made.

## II. APPLICABLE LAW

Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material facts and that, based upon the undisputed facts, it is entitled to judgment as a matter of law. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990). When passing on a motion for summary judgment, the court must view the facts in a light favorable to the nonmoving party.

2

The Eleventh Circuit recently clarified the standard in employment discrimination cases, "the summary judgment rule applies in job discrimination cases just as in other cases." *Chapman v. AL Transport*, 229 F.3d 1012, 1026 (11th Cir. 2000). This decision abrogated the previous view that summary judgment was not a proper vehicle for employment discrimination claims which often turn on an employer's motivation and intent. *Id.* at 1025 (citing *Delgado v. Lockheed-Georgia Co.*, 815 F.2d 641, 644 (11th Cir. 1987); *accord Batey v. Stone*, 24 F.3d 1330, 1336 (11th Cir. 1994)).

An employment action is not adverse simply because an employee dislikes or disagrees with it. In determining the existence of an adverse employment action, an objective standard applies. *Doe v. DeKalb County School Dist.*, 145 F.3d 1441, 1448-49 (11th Cir.1998). A plaintiff must demonstrate that a reasonable person in her position would have found her transfer to be adverse under all the circumstances.

The concept of an "adverse employment action" connotes a serious and material change in the terms, conditions, or privileges of employment. *Davis v. Town of Lake Park,* 245 F.3d 1232, 1239 (11th Cir.1998). "[C]hanges in assignments or work-related duties do not ordinarily constitute adverse employment decisions if unaccompanied by a decrease in salary or work hour changes." *Id.,* at 1245; citing *Mungin v. Katten Muchin & Zavis,* 116 F.3d 1549, 1556-1557 (D.C. Cir.1997).

## III. ANALYSIS

Apparently for want of substantial evidence, Plaintiff has abandoned her racially hostile work environment and her disparate treatment claims.

Plaintiff's sole remaining claim is that she was demoted or subjected to an adverse

3

employment action because of her race.

Most likely, Plaintiff has not established that she has been subjected to an adverse employment action. The only evidence of any significant difference in the jobs is Plaintiff's statement that the Picker job, which she has worked for the last two and a half years, requires more physical exertion.

But assuming *arguendo* that Plaintiff has established a prima facie case of a racially motivated transfer, she clearly has not rebutted Rite Aid's articulated reasons for the transfer, that her performance in the Receiving Department was poor, and that she was hostile towards her fellow employees in the Department. The record is absolutely devoid of any evidence to rebut these reasons. Significantly, the decision-maker is of the same race as Plaintiff.

Based on the undisputed facts, the Motion for Summary Judgment will be granted by separate order.

Done this ____ day of July, 2002.

_____
Chief United States District Judge
U.W. Clemon

4